# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KIM DOTY,**

    **Plaintiff,**

                              **CASE NO..:**

**v.**

**TWC SERVICES, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIM DOTY, by and through undersigned counsel, brings this action against Defendant, TWC SERVICES, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq. and for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiff's federal claim, and supplemental jurisdiction pursuant to 29 U.S.C. § 1367 over Plaintiff's state law claim.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pasco County, Florida.

## PARTIES

4. Plaintiff is a resident of Pasco County, Florida.

5. Defendant operates a Defendant a heating, ventilating, and air conditioning service and installation business throughout the southeastern United States, including locations in Florida. TWC's principal Florida address is in Sanford, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

12. Plaintiff began working for Defendant on February 6, 2018 as a service coordinator, and, later accepted a position as a billing coordinator on September 18, 2018. Plaintiff worked in this capacity until approximately December 12, 2018.

13. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more

major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

14. Plaintiff continues to suffer from the aforementioned physical or mental condition.

15. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

16. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

17. On or about November 2018, Plaintiff notified Defendant of her condition and was told by management that they would work through this with Plaintiff.

18. On or about November 2018, Plaintiff requested an accommodation from Defendant for her condition. Specifically, Plaintiff requested time to see a pulmonologist and to seek treatment.

19. Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

20. On or about November, 2018, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

21. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

22. On or about September 18, 2018, Defendant transitioned Plaintiff to a Billing Coordinator position and asserted they would give her sixty (60) to ninety (90) days to see if she was a strong biller.

23. Instead, after Plaintiff informed Defendant of her disability and requested an accommodation in November 2018, Defendant looked back to the first month of Plaintiff's performance in the new role as a Billing Coordinator and found all errors she made from October 3rd to the 22nd of 2018 as the basis for their termination of Plaintiff in December 2018.

24. Defendant actually terminated Plaintiff in December because she had informed Plaintiff of her disability and requested an accommodation from Defendant in November 2018.

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

26. Plaintiff is a member of a protected class under the ADA.

27. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

28. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

29. Defendant's actions were willful and done with malice.

30. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

31. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

32. Plaintiff is disabled, or was perceived by Defendant as being disabled.

33. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

34. Defendant's actions were willful and done with malice.

35. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

       i)      All costs and attorney's fees incurred in prosecuting these claims; and

       j)      For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

37. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

38. Plaintiff engaged in protected activity under the ADA by requesting an accommodation from Defendant.

39. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

40. Defendant's actions were willful and done with malice.

41. The adverse employment action that Defendant took against Plaintiff was material.

42. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

       a)      A jury trial on all issues so triable;

       b)      That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d)    That this Court enter an injunction restraining continued violation of the ADA;

    e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

### COUNT IV – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

43.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

44.    Plaintiff is a member of a protected class under the FCRA.

45. Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

46. Defendant's actions were willful and done with malice.

47. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

### COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

48. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

49. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

50. Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, terminated employment.

51. Defendant's actions were willful and done with malice.

52. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

  j)  For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

54. Plaintiff is a member of a protected class under the FCRA.

55. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation rom Defendant.

56. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

57. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

58. Defendant's actions were willful and done with malice.

59. Defendant took material adverse action against Plaintiff.

60. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

  *WHEREFORE*, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of December, 2019.

                                                Respectfully submitted,

                                                /s/ Brandon J. Hill
                                                **BRANDON J. HILL**
                                                Florida Bar Number: 0037061
                                                **WENZEL FENTON CABASSA, P.A.**
                                                1110 N. Florida Avenue, Suite 300
                                                Tampa, Florida 33602

                               Main Number: 813-224-0431
                               Direct Dial: 813-337-7992
                               Facsimile: 813-229-8712
                               Email: bhill@wfclaw.com
                               Email: jcornell@wfclaw.com
                               Email: rcooke@wfclaw.com
                               **Attorneys for Plaintiff**